IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN C. DUVALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )    CIV-05-1413-HE |
| v. | ) |
| | ) |
| ERIC FRANKLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and the matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In his Petition, Petitioner alleged that he was denied due process in an institutional disciplinary proceeding. Respondent responded to the Petition and filed the relevant administrative records. Petitioner has now filed a "Notice of Dismissal" in which Petitioner seeks the voluntary dismissal of the Petition pursuant to Fed. R. Civ. P. 41(a)(1).

Because Respondent Warden Franklin has responded to the Petition, Petitioner's motion for dismissal is governed by Fed. R. Civ. P. 41(a)(2). This rule authorizes the voluntary dismissal of a cause of action, but only "upon order of the court and upon such terms and conditions as the court deems proper." Generally, a dismissal under Rule 41(a)(2) is addressed to the sound discretion of the court, and the motion is granted unless the

opposing party will suffer legal prejudice.  See Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997); Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993).  Factors deemed relevant to this determination include the opposing party's effort and expense in preparation for trial, excessive delay and lack of diligence by the movant in prosecuting the action, insufficient explanation for the need to dismiss the action, and the stage of the litigation.  Ohlander, 114 F.3d at 1537; Phillips USA, Inc. V. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996); Clark, 13 F.3d at 1411.

In consideration of the material factors, the undersigned recommends that Petitioner's motion for dismissal be granted.  This cause of action was filed on December 5, 2005, and no trial date has been set.  Petitioner has acted promptly in seeking to dismiss the action following the filing of the response.  Petitioner has adequately explained his request for dismissal in his "Notice of Dismissal."  As a result, the "Notice of Dismissal" should be construed as a request for voluntary dismissal pursuant to Rule 41(a)(2), and, so construed, the motion should be granted without prejudice.  See Fed. R. Civ. P. 41(a)(2)("Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.").

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petitioner's "Notice of Dismissal" filed December 29, 2005 (Doc. # 9) be construed as a request for dismissal pursuant to Fed. R. Civ. P. 41(a)(2) and, so construed, that the motion be GRANTED. It is recommended that the dismissal of the cause of action be entered without prejudice to refiling.  The parties are advised of their respective right to file an objection to this Report

and Recommendation with the Clerk of this Court by __January 23rd__ , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __3rd__ day of __January__, 2006.

_/s/ Gary M. Purcell_
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE